# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANDY KNOTT, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-09-3022 |
| | § | |
| RICHARD D. DAVIS, L.L.P., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Emergency Motion for Remand [Doc. # 9], to which Defendant Bernie Ortman filed a Response [Doc. # 16] and a "Corrected Response" [Doc. # 21] in opposition.[1]  Having considered the full record and the applicable legal authorities, the Court concludes that it lacks jurisdiction over this dispute and **grants** the Motion for Remand.

## I.  BACKGROUND

Plaintiffs are property owners in Waller County, Texas.  On December 9, 2008, Plaintiffs filed their Original Petition in the 155th Judicial Court for Waller County,

---

[1]  The Court ordered Ortman to file any opposition to the Motion for Remand by September 28, 2009.  *See* Order [Doc. # 10].  Ortman filed his Response on September 29, 2009, shortly after midnight, and filed a corrected Response at 2:05 a.m. on September 29, 2009.  The Court accepts the late filings.

Texas, alleging that Defendants are tortiously interfering with their use and enjoyment of their property through the operation of a sky diving business. Plaintiffs alleged that Defendants' sky diving operation creates several dangerous conditions in a variety of ways.

On June 2, 2009, Plaintiffs filed a Third Amended Petition adding Ortman, a pilot working as an independent contractor in the sky diving operation, as a defendant. Plaintiffs served Ortman with the Third Amended Petition on June 4, 2009. In the Third Amended Petition, Plaintiffs again alleged that Defendants' sky diving operations creates several dangerous conditions in a variety of ways, including conduct by Ortman that violates Federal Aviation Regulations ("FARs"), which are applicable to the dispute "pursuant to § 21.006 of the Texas Transportation Code."

On June 29, 2009, the Waller County court entered a Temporary Injunction and, on July 22, 2009, Plaintiffs filed a Motion for Contempt in Waller County. Hearings on the Motion for Contempt were held on August 6, 2009, and September 4, 2009. A third hearing on the Motion for Contempt was scheduled for Monday, September 21, 2009. The Waller County case is scheduled for a pretrial conference on October 1, 2009, and is scheduled for trial on the merits to begin October 19, 2009.

On Thursday, September 17, 2009, Ortman filed a Notice of Removal. Ortman asserted federal question jurisdiction based on an "August 21, 2009, interpretative

ruling of the Federal Aviation Administration ["FAA"]." *See* Notice of Removal [Doc. # 1], p. 3.  Ortman argues that the FAA's interpretative ruling conflicts with provisions of the Waller County court's Temporary Injunction because the Temporary Injunction prohibits Defendants' allowing sky divers to land on "the air strip which, under FAA Regulations, is a designated and approved drop zone." *See id.*

Plaintiffs filed their Emergency Motion for Remand on September 23, 2009, and Ortman filed his Response by the September 28, 2009 deadline.  The Motion for Remand is ripe for decision.

## II.    ANALYSIS

"'Federal courts are courts of limited jurisdiction.' " *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'"  *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)).  The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828,

832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005)).

Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, the plaintiff is the master of the claim and may avoid federal jurisdiction by exclusively relying on state law, even where a federal claim is also available. *Id.* It is undisputed that Plaintiffs' Third Amended Complaint contains only state law claims and does not assert a federal claim as the basis for relief.

Ortman asserted that the FAA has issued an interpretative ruling which, as interpreted by Ortman, conflicts with the Waller County court's Temporary Injunction. To the extent Ortman is arguing that he intends to use the FAA ruling as a defense to Plaintiffs' claims, a case may not be removed to federal court on the basis of a federal defense, "even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393; *see Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003) (same).

Ortman argues that the "preemptive scope of Federal Aviation statutes and regulations is at issue as well as the line of case law examining embedded issue Federal Question Jurisdiction and whether this case presents a dispute concerning interpretation of the FAA regulations rather than a mere effort by Plaintiffs to enforce FAA Regulations against the Defendants." *See* Notice of Removal [Doc. # 1], p. 3. A case with only state law claims may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9 (1983); *see Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (holding that a case arises under federal law if a well-pleaded complaint establishes that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law); *In re Carter*, 618 F.2d 1093, 1100 (5th Cir. 1980) ("For a case to 'arise under' . . . federal law, a right or immunity created by [the law] 'must be an element, and an essential one, of the plaintiff's cause of action. . . . [That] right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.'" (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936))). However, for a district court to exercise federal-question removal jurisdiction on this basis, the plaintiff's claim must "necessarily raise a stated

federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfr.*, 545 U.S. 308, 314 (2005); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986). Plaintiffs' claims in this dispute do not raise a federal issue and, consequently, there is no federal question jurisdiction.

Regarding the "embedded issue" basis for jurisdiction raised by Ortman in his Notice of Removal, this is not a case in which the remedy Plaintiffs seek in their Third Amended Petition is exclusively available under federal law. As a result, there is no "embedded issue" of federal law that provides this Court with federal question jurisdiction. *See, e.g., Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 549 (5th Cir. 2008).

Ortman appears to argue that the issuance of the FAA interpretative ruling completely preempts state law, but he cites no legal support for that argument and this Court's independent research has revealed none. Because the presence of a private right of action under federal law is required for complete preemption, a case can be removed only if it could originally have been filed in federal court. *See Caterpillar*, 482 U.S. at 392. Persuasive legal authorities indicate that there is no private right of action for violations of FAA regulations or rulings interpreting those regulations. *See,*

*e.g., Drake v. Lab. Corp. of Amer. Holdings*, 458 F.3d 48, 57 (2d Cir. 2006) (citing *Schmeling v. NORDAM*, 97 F.3d 1336, 1344 (10th Cir. 1996)); *Bonano v. East Caribbean Airline Corp.*, 365 F.3d 81, 86 (1st Cir. 2004). Ortman has not cited any legal authority to the contrary.

Plaintiffs' Third Amended Complaint does not assert a federal claim or seek relief that is available only under federal law. Any intent by Ortman to rely on an FAA interpretative ruling as a defense does not provide a basis for federal subject matter jurisdiction. The state court is fully capable of interpreting and applying federal regulations, including the FAA interpretative ruling which Ortman and the other Defendants assert as a defense to Plaintiffs' claims. The FAA regulations and rulings may be relevant to this dispute, but they do not provide a basis for federal question jurisdiction. As a result, this Court lacks jurisdiction and the case must be remanded to the court in Waller County, Texas.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes it lacks subject matter jurisdiction in this case and the action must be remanded to the 155th Judicial District Court of Waller County, Texas. It is therefore

**ORDERED** that Plaintiffs' Emergency Motion for Remand [Doc. # 9] is **GRANTED** and this case is remanded to the **155th Judicial District Court of**

**Waller County, Texas**, for lack of subject matter jurisdiction.  The Court will issue a separate Order of Remand.

      SIGNED at Houston, Texas, this 29th day of **September, 2009**.

                                        Nancy F. Atlas
                                 United States District Judge